UNITED STATES of America, Appellee,

v.

Terri R. JACOBS, Appellant.

No. 94–1519.

United States Court of Appeals,
Eighth Circuit.

Submitted July 3, 1995.

Decided Sept. 1, 1995.

Thomas R. Hickey, argued, Omaha, NE, for appellant.

Michael P. Norris, Assistant U.S. Attorney, argued, Omaha, NE, for appellee.

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Terri R. Jacobs appeals from a final judgment entered in the District Court[1] for the District of Nebraska finding her guilty, pur-

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

suant to a guilty plea, of conspiracy to distribute and possess with intent to distribute 1 gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 846. The district court applied the minimum mandatory sentence provision, 21 U.S.C. § 841(b)(1)(B)(v), and sentenced Jacobs to 5 years imprisonment, 4 years supervised release, and a special assessment of $50.00. For reversal, Jacobs argues the district court erred in calculating the weight of the LSD for purposes of applying the mandatory minimum sentence provision. For the reasons discussed below, we affirm the judgment of the district court.

The facts are not disputed. On January 29, 1993, Nebraska state troopers stopped a van for speeding on Interstate 80. Trooper Leroy Jones issued a warning ticket and obtained permission to search the van from the owner, Robert E. Sorenson, Jr. Trooper Jones asked the driver, Sorenson and Jacobs to step out of the van. Trooper Jones saw a gun in a black holster tucked inside Jacobs's pants at the small of her back and arrested her for carrying a concealed weapon. Trooper Jones searched the van for weapons; inside the pocket of a leather jacket lying on the front passenger seat he found a loaded revolver, $10,640 in cash, and a plastic bag containing LSD on blotter paper. The total weight of the LSD, including the weight of the blotter paper, was 8.1 grams.

In November 1993 Jacobs and Sorenson were indicted and charged with conspiracy to distribute and possess with intent to distribute more than 1 gram of LSD in violation of 21 U.S.C. § 846, possession with intent to distribute more than 1 gram of LSD in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2, and using and carrying firearms to commit drug offenses in violation of 18 U.S.C. § 924(c). Pursuant to a plea agreement, Jacobs pleaded guilty to the conspiracy count and the other counts were dismissed.[2] The plea agreement provided that the district court would determine the weight of the LSD involved in the conspiracy. Jacobs acknowl-

edged that if the district court found that the conspiracy involved more than 1 gram of LSD, she would be subject to a mandatory minimum sentence of 5 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B)(v).

The presentence report (PSR) applied the amended guidelines and calculated the total weight of LSD on the basis of 0.4 mg per dose or "hit." U.S.S.G. § 2D1.1(c) (Drug Quantity Table) (effective Nov. 1, 1993). The PSR found that there were 472 hits of LSD, which resulted in a total weight of 188 mg and a base offense level of 16. The base offense was increased by 2 points for the possession of a firearm. At criminal history category II, the applicable guideline sentencing range was 30–37 months. However, the PSR noted that the 5–year minimum mandatory sentence provision, 21 U.S.C. § 841(b)(1)(B)(v), applied and displaced the otherwise applicable guideline sentencing range of 30–37 months because the total weight of the LSD and the carrier medium exceeded 1 gram. *See Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (*Chapman*) (holding that total weight of LSD included weight of carrier medium when determining the weight of a mixture or substance containing a detectable amount of LSD for purposes of applying mandatory minimum sentencing provision).

Jacobs objected and argued that, among other things, under the amended guidelines the weight of the carrier medium should be excluded, the total weight of the LSD should be calculated using the 0.4 mg per dose and the total weight of the LSD involved in the conspiracy was only 188 mg, much less than the mandatory minimum sentencing provision's 1–gram threshold. The district court disagreed, informed Jacobs of its intention to apply the mandatory minimum sentence provision, and offered her the opportunity to withdraw her plea of guilty. Jacobs did not withdraw her plea. The district court accepted the plea and granted a 2–point reduction for role in the offense and a 3–point reduction for acceptance of responsibility, for a total offense level of 13, which, at criminal

**2.** Sorenson pleaded guilty to the conspiracy and weapons counts; he was sentenced to the mandatory minimum sentence of 5 years for conspir-

acy and a mandatory consecutive sentence of 5 years for the weapons count. He did not appeal.

history category II, resulted in an applicable guideline sentencing range of 18–24 months. The district court then applied *Chapman* and concluded that, because the total weight of the LSD and carrier medium exceeded 1 gram, the mandatory minimum sentence provision applied. The district court sentenced Jacobs to 5 years imprisonment, 4 years supervised release, and a special assessment of $50.00. This appeal followed.

The panel referred the appeal to the court en banc pending the rehearing en banc of *United States v. Stoneking,* 60 F.3d 399 (8th Cir.1995) (banc) (*Stoneking*), *petition for cert. filed,* No. 95–5410 (U.S. July 28, 1995). The appeal was held in abeyance and, now that the court en banc has decided the *Stoneking* case, the court en banc has referred this appeal back to the panel.

Jacobs argues the district court erred in including the weight of the carrier medium in calculating the total weight of the LSD. She argues the applicability of the mandatory minimum sentence provision should be determined on the basis of the 0.4 mg per dose specified in the amended guidelines. Jacobs argues that, as calculated under the amended guidelines, her offense conduct involved only 188 mg of LSD and thus did not meet the mandatory minimum 1–gram threshold. The government argues that, pursuant to the holding in *Chapman,* the district court correctly included the weight of the carrier medium in calculating the total weight of the LSD. The government argues that the amended guidelines expressly recognize the continued applicability of *Chapman* for the purpose of applying the mandatory minimum sentence provision.

*Stoneking* resolves this issue. In *Stoneking* we held that the amended guideline did not alter *Chapman*'s holding that the weight of the carrier medium is included in determining the entire weight of the mixture or substance containing a detectable amount of LSD for purposes of applying the mandatory minimum sentence provision. 60 F.3d at 402. We hold the district court did not err in including the weight of the carrier medium. The district court correctly sentenced Jacobs to the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B)(v) because Jacobs's offense conduct involved at least 1 gram of a mixture or substance containing a detectable amount of LSD.

Accordingly, we affirm the judgment of the district court.